# 25-1321

### United States Court of Appeals for the Second Circuit

CYNTHIA RAMOS, individually and as Parent and Natural Guardian of W.R., MADELINE GRULLON, individually and as Parent and Natural Guardian of C.B., MARIA HIDALGO, individually and as Parent and Natural Guardian of L.S., ADEJUMOKE OGUNLEYE, individually and as Parent and Natural Guardian of D.O., ROSA ELBA DE PAULINO, individually and as Parent and Natural Guardian of R.P.,

*(caption continued on the next page)*

On Appeal from the United States District Court for the Southern District of New York

### MEMORANDUM IN OPPOSITION TO MOTION TO EXPEDITE

MURIEL GOODE-TRUFANT
*Corporation Counsel*
*of the City of New York*
Attorney for Appellees
100 Church Street
New York, New York 10007
212-356-0848
dlawless@law.nyc.gov

DEBORAH A. BRENNER
DIANA LAWLESS
   *of Counsel*

June 10, 2025

and Jennie Landsman, individually and as Parent and Natural Guardian of J.L.,

*Plaintiffs-Appellants*,

*against*

David C. Banks, in his official capacity as Chancellor of the New York City Department of Education, New York City Department of Education,

*Defendants-Appellees*.

.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................ ii

PRELIMINARY STATEMENT ........................................................... 1

BACKGROUND ................................................................................. 3

ARGUMENT ....................................................................................... 6

    THIS COURT SHOULD DECLINE TO EXPEDITE THE APPEAL ..................................................................................... 6

    A. There is no urgency here, especially because each student's pendency placement has been resolved. ............ 6

    B. Plaintiffs have proceeded in a way that complicates the case and belies the need for an urgent resolution. .......... 11

CONCLUSION ................................................................................. 13

CERTIFICATE OF COMPLIANCE ................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*De Paulino v. N.Y.C. Dep't of Educ.*,
    959 F.3d 519 (2d Cir. 2020) ...................................................... 4, 5, 7

*JSG Trading Corp. v. Tray-Wrap, Inc.*,
    917 F.2d 75 (2d Cir. 1990) ............................................................ 7

*Mendez v. Banks*,
    65 F.4th 56 (2023) ............................................................... *passim*

*Scheff v. Banks*,
    Case No. 22-24239, 2023 U.S. App. LEXIS 18904 (2d
    Cir. July 25, 2023) ....................................................................... 7

*Time Warner Cable v. Ansari*,
    63 F. App'x 42 (2d Cir. 2003) ....................................................... 5

**Statutes**

20 U.S.C. § 1415(j) ................................................................... 4, 7, 10

## PRELIMINARY STATEMENT

This is one of a legion of cases with which Liberty & Freedom Legal Group—formerly Brain Injury Rights Group—has flooded this Court with intemperate demands on behalf of students with disabilities at the private school iBrain, this time pressing for speedy tuition reimbursement from the New York City Department of Education (DOE) under the Individuals with Disabilities Education Act (IDEA). They do so here even though none of the plaintiffs' placements are at risk, and though this Court has expressly held that the IDEA's pendency provision, otherwise known as the "stay-put" provision, does not mandate an accelerated timeline for disbursement of public funds unless the child's placement is threatened. *Mendez v. Banks*, 65 F.4th 56 (2023). For this reason and others, plaintiffs' current motion for an expedited appeal is groundless.

The procedural background here is somewhat complex, largely due to the irregular way plaintiffs' counsel chose to proceed. In July 2024, just one day after these six plaintiffs commenced the necessary administrative proceedings to seek reimbursement for the 2024-25 school year, they also filed this action. By the time the district court (Schofield, U.S.D.J.) issued the current order, which granted defendants' motion to dismiss and denied plaintiffs' preliminary injunction

motion, the parties no longer disputed that iBrain was each plaintiff's placement and that DOE will have to reimburse plaintiffs for tuition and services for the year. The only remaining disputes for the district court were (a) the dollar amounts of reimbursement owed, (b) which specific services each plaintiff needed, and (c) how quickly DOE had to remit payments.

Furthermore, the decision appealed from expressly dismissed all the claims of each plaintiff—allowing just one leave to replead. And because that plaintiff did not do so by the court's deadline, the district court case is now at an end. Indeed, defendants have since submitted a proposed final judgment at the district court's request. Thus, although the decision also analyzed the preliminary injunction motion, that relief is now rendered academic as a matter of law.

Despite all that, plaintiffs still persist in seeking immediate reimbursement for the full amount they believe is owed by way of an interlocutory and extremely expedited appeal from their preliminary injunction motion. They propose such a condensed schedule that defendants would have only one week to draft and file their appellees' brief. They do this on the assertion that DOE should be compelled to pay by the last day of the school year—June 26—even though it is undisputed that plaintiffs' placements at iBrain for the nearly concluded

2

school year are secure. Moreover, their proposed schedule would give this Court only three days to hear oral argument and issue a merits decision. Should any additional time be required, the current school year will be over, eliminating their sole asserted reason for haste.

There is simply no reason for this Court to entertain this unrealistic request. The school is not a party here, and plaintiffs have made no showing that any of iBrain's asserted financial considerations threaten their placements there—nor could they, when the complaint concerns only the single school year that is for all intents and purposes concluded. Nor is their counsels' conduct in this case consistent with their claims of emergency: for just one example, they spent nearly a week longer on filing this motion than they would allow appellees to brief the appeal. This Court should instead allow the appeal to proceed in due course without any expedited deadlines.

## BACKGROUND

All six plaintiffs, students with disabilities who attended iBrain in the 2024-25 school year, prematurely rushed to district court before exhausting New York's two-step administrative process seeking IDEA reimbursement. *See Mendez*, 65 F.4th at 59 (explaining administrative process to obtain reimbursement). Their operative complaint seeks: (1) a declaration that iBrain is the students' "pendency placement" for

3

the 2024-25 school year, (2) an injunction eliminating DOE's requirement for a pendency agreement or order from state administrative officers before reimbursement; (3) an order that DOE pay for tuition, transportation, nursing, and related services "in ordinary course of business without undue delay"; and (4) attorney's fees (*see* SDNY Dkt. No. 59). In October 2024, they made a motion for a preliminary injunction that sought the ultimate relief (*see* SDNY Dkt. No. 64).

The IDEA's "stay-put" or "pendency" provision provides that "during the pendency of any proceedings," the child is entitled to "remain in [his or her] then-current educational placement" at public expense. 20 U.S.C. § 1415(j). The school district must continue to fund that placement "until the relevant administrative and judicial proceedings are complete"—even if the parent ultimately loses, and the school district cannot recoup those payments. *De Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 526 (2d Cir. 2020). "Then-current educational placement" is a reference to "the child's last agreed-upon educational program before the parent requested a due process hearing to challenge the child's [individual education plan]"—i.e., the start of the required administrative process. *Id*. at 532.

Even absent an explicit agreement, the school district is deemed to agree to the placement if (a) the administrative review officers grant

4

the placement and (b) the school district chooses not to appeal. *Mendez*, 65 F.4th at 59; *De Paulino*, 959 F.3d at 532. That is precisely what has happened here (Op. & Order 7, Pls.' Mot. Mem. 4–9).[1]

On May 21, the district court issued the order on appeal, which dismissed all of plaintiffs' claims on various grounds, granting only L.S. leave to replead by June 4 (Op. & Order). L.S. did not replead. Though the court dismissed all the other plaintiffs' claims with prejudice, because L.S.'s claim had at that point not yet been finally resolved, the court went on to deny the motion for a preliminary injunction holding that plaintiffs had not established irreparable harm (Op. & Order 13–16).

The district court also ordered the parties to submit a joint letter updating the status of each plaintiff and a "proposed form order consistent with this opinion reflecting any changed status" by June 4, 2025. The parties since adjourned submission of that letter twice, to June 9, 2025—five days after plaintiffs filed this motion (SDNY Dkt. No. 106, 109).

---

[1] The only exception is J.L., whose mother voluntarily dismissed her claim in October 2024 (SDNY Dkt. No. 68; *see* Op. & Order 3 n.3). As a result, J.L. cannot proceed with an appeal. *See Time Warner Cable v. Ansari*, 63 F. App'x 42, 43 (2d Cir. 2003). For ease of reference, this memo's references to plaintiffs excludes J.L.

5

On June 9, the parties filed a joint letter, taking opposing views of what, if anything, is left for the district court to decide (SDNY Dkt. No. 110). Plaintiffs submitted a proposed "judgment" holding the issuance of a final judgment in abeyance until this appeal is decided (SDNY Dkt. No. 110-1). In contrast, defendants provided a proposed final judgment dismissing all claims (SDNY Dkt. No. 110-2).

## ARGUMENT

### THIS COURT SHOULD DECLINE TO EXPEDITE THE APPEAL

This appeal concerns nothing but a demand for money from public coffers. It presents no need for expedition at all, let alone the ultra-compressed schedule that plaintiffs demand.

### A. There is no urgency here, especially because each student's pendency placement has been resolved.

To deemphasize the purely monetary relief they now seek, plaintiffs invoke illusory procedural grounds to prop up their claim for expedition. They first claim that expedited review is necessary because the appeal is from the denial of a preliminary injunction (Pls.' Mot. Mem. 1–2). But that denial is now academic because, once the sole plaintiff granted leave to replead did not do so, the order on review effectively dismissed all the claims in their complaint. The denial of a

preliminary injunction motion merges into the final judgment dismissing the claims and, once the claims are dismissed, the appeal from the denial of the preliminary injunction becomes moot—as demonstrated in a recent case in a similar posture that was litigated by the same law firm representing plaintiffs here. *Scheff v. Banks*, Case No. 22-24239, 2023 U.S. App. LEXIS 18904, at *6 (2d Cir. July 25, 2023) (collecting cases). Indeed, "it has long been the law that an appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the district court's denial of the motion merges with the final judgment." *Id.* (cleaned up). At any rate, where, as here, only money damages are at stake, a preliminary injunction is not available. *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990).

Also academic is plaintiffs' contention that the district court erroneously denied them an automatic injunction available under the pendency provision, 20 U.S.C. § 1415(j) (Pls.' Mot. Mem. 1–2). Now that the district court has dismissed all the claims, just as with a traditional preliminary injunction, the need for any preliminary injunctive relief is moot. Funding under the pendency provision is required only "until the relevant administrative and judicial proceedings are complete," *De Paulino*, 959 F.3d at 526—which has now happened with the judicial complaint's dismissal. In order words, plaintiffs are no longer

7

entitled to any immediate, temporary relief while claims are being litigated—nor do they need it, because the school year that is the subject of their complaint is about to end. Their lengthy merits argument on this provision's applicability (Pls.' Mot. Mem. 10–11, 16–18), and their other arguments on the merits of their appeal (*id.* at 15–16), are simply irrelevant to any need for expedited appellate review.

Further, this Court unambiguously held in *Mendez* (also litigated by plaintiffs' counsel's firm) that the stay-put provision "does not create an entitlement to immediate payment or reimbursement" unless plaintiffs prove that the delayed payment "jeopardized the[] child's educational placement." 65 F.4th at 63. Plaintiffs have made no such showing here. There is no risk to these plaintiffs because, as they concede, iBrain "has allowed [them] to remain in the school" for this school year, the only one at issue in this litigation (Pls. Mot. Mem. 20). Plaintiffs will not suffer any disruption to their education no matter how long this Court takes to decide this appeal.

Confoundingly, plaintiffs assert that this appeal needs to be resolved by the last day of school because otherwise the balances will not have been paid by the end of the school year. For one thing, they fail to explain the significance of having payment by that day. For another, this concern would appear to redound to the school, not plaintiffs. Al-

8

so, again, this Court has expressly held that, when there is no risk of students losing their current educational placement, "DOE is not obliged to circumvent its ordinary payment procedures" to expedite payment. *Mendez*, 65 F.4th at 63. And, in any case, plaintiffs' proposed timeline would give this Court hardly any time to even read the merits briefs, and wholly elides the time necessary to hold oral argument and issue a decision. Thus, it is difficult to see how the schedule they propose, abridged as it is, could hope to achieve their stated goal.

Next, plaintiffs assert that missing payments jeopardize the students' placements for the next school year because iBrain may choose not to re-enroll them (Pls.' Mot. Mem. 16, 20). But that consideration is irrelevant to this litigation as a matter of law, because it is concerned only with one school year—the one that is ending. Plaintiffs also assert a "psychological toll" on the students, which is purely speculative (*id.* at 21). They make no evidentiary showing of any such effect on the students, and it cannot be presumed when they concede that their education and services continue uninterrupted for the entire length of the challenged school year.

Plaintiffs' final plea is that iBrain may not be able to "sustain itself" without the money (*id.* at 20). But this case was brought on behalf of students, not the school they attend. And the claims are for pay-

9

ments owed for education and services that iBrain is providing and has already provided for a school year that will end three days after the end of their proposed briefing schedule. It bears repeating that iBrain is not a plaintiff and cannot assert its own hardships by way of this type of lawsuit. Quite simply, iBrain's fiscal concerns have no relevance to this litigation (*see* Op. & Order 14–15).

In a stray mention at the end of their motion papers, plaintiffs appear to seek an injunction pending appeal under 20 U.S.C. § 1415(j) "upholding and enforcing Pendency Orders and where a Pendency Order has not been issued, to implement the agreed pendency placements, to preserve and maintain [plaintiffs'] educational placements" (Pls.' Mot. Mem. 21–22). This request is a non-starter on several grounds. Even leaving aside the fact that plaintiffs did not seek any injunctive relief pending appeal in their motion information statement, they provide no reason why they are entitled to such relief. Indeed, it is undisputed that each plaintiff here does have a pendency order making iBrain their educational placement. And, to the extent that they seek accelerated payment, as discussed above, *Mendez* forecloses their theory of injunction. 65 F.4th at 63.

### B. Plaintiffs have proceeded in a way that complicates the case and belies the need for an urgent resolution.

This Court should also deny an expedited schedule because of plaintiffs' conduct in pursuing this motion and appeal thus far, which is inconsistent with the claimed need for extreme expedition. Most tellingly, while plaintiffs promptly filed their notice of appeal on May 22, they did not file this motion until June 4—that is, thirteen days later and almost double the time they would grant appellees to file their merits brief. And, after the Court rejected the motion for minor technical reasons, plaintiffs took another full day to file a corrected version—which amounts to roughly 15% of the time they believe appellees need to draft a full merits brief. Also, when plaintiffs filed this motion on June 5, it was premature. As explained above, while the district court ordered the parties to submit a joint letter updating the status of each plaintiff and a proposed order by June 4, plaintiffs agreed to extend the deadline to June 9 (SDNY Dkt. No. 106, 109).

Plaintiffs' counsel has also made the City's response to the current motion more difficult than necessary. When counsel sought defendants' position on this motion before filing, he asked only for consent to put it on the expedited calendar. After we declined, counsel

11

went on to seek a far more condensed schedule without alerting us in advance.

Another reason to deny this motion is that this Court has rejected plaintiffs' counsel's similar gambit for an expedited schedule on nearly identical claims at least once before, in *Scheff v. Banks*, Case No. 22-2439. Counsel there made a motion to expedite claims that were also for immediate reimbursement premised on pendency (Case No. 22-2439 *(Scheff)* Dkt. No. 5), which appellees opposed (*Scheff* Dkt. No. 19). This Court denied the motion (*Scheff* Dkt. No. 25). The briefing schedule then proceeded in the usual course, with appellees having 91 days after the filing of the appellants' brief to file their appellees' brief—over plaintiffs' further objection (*Scheff* Dkt. Nos. 59, 64, 69). Nothing about the current appeal merits a departure from that sound course.

## CONCLUSION

This Court should deny the motion to expedite this appeal in its entirety.

Dated: New York, New York
June 10, 2025

Respectfully submitted,

MURIEL GOODE-TRUFANT
*Corporation Counsel*
*of the City of New York*
Attorney for Appellees

By: _____
DIANA LAWLESS
Assistant Corporation Counsel

100 Church Street
New York, New York 10007
212-356-0848
dlawless@law.nyc.gov

DEBORAH A. BRENNER
DIANA LAWLESS
  *of Counsel*

13

**CERTIFICATE OF COMPLIANCE**

    I hereby certify that this memorandum was prepared using Microsoft Word, and according to that software, it contains 2,579 words, not including the table of contents, table of authorities, this certificate, and the cover.

_____
DIANA LAWLESS